MILON PLUAS LLP
ANGEL D. PLUAS (SBN 256478)
angel@milonpluasllp.com
JOSE L. VALDEZ (SBN 341234)
jose@milonpluasllp.com
20 North Raymond Ave., Suite 350
Pasadena, CA 91103
Tel.: (626) 229-0844
Fax: (626) 389-5451

Attorneys for Plaintiff
MARIA SANCHEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SANCHEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Corporation; and DOES 1-10 Inclusive,<br><br>Defendants. | Case No. 5:23-cv-02352-DMG-SHK<br><br>**DECLARATION OF MARIA SANCHEZ IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT WALMART, INC'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**<br><br>Date: May 30, 2025<br>Time: 2:00 p.m.<br>Dept: 8C<br><br>[*Filed concurrently with Plaintiff's Supplemental Opposition to Defendants' Motion for Summary Judgment, Jose Valdez's Declarations and Index of Exhibits*]<br><br>[Assigned to the Hon. Dolly M. Gee; Magistrate Judge Shashi H. Kewalramani] |

-1-
DECLARATION OF MARIA SANCHEZ IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT WALMART, INC'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT

# DECLARATION OF MARIA SANCHEZ

I, Maria Sanchez, declare as follows:

1. I am over 18 years old and the Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of my Supplemental Opposition to Defendant Walmart, Inc's Motion for Summary Judgment or in the Alternative Partial Summary Judgment.

3. I started working for Walmart in May 2018.

4. In or around January 2019, I was transferred to Walmart's Distribution Center in Eastvale, California.

5. At the Walmart Eastvale location, I was a Loader but also performed duties of a hauler. My duties included but were not limited to, driving a pallet jack, moving freight, stacking the products inside the truck trailers, cleaning, and stacking the merchandise to fit in the trucks for shipment. Typically, I would spend most of my shift working in the trailer.

6. Around 2019, I was diagnosed with Arthritis. The arthritis caused me severe hand pain, including pain in my fingers.

7. In or around July of 2022, I began experiencing severe pain caused by arthritis that was aggravated by my job duties. I notified Orejel, my direct Supervisor at Walmart of my arthritis, the pain it caused me, and the need for accommodation.

8. The pain I felt occasionally affect my ability to work throughout the year but the pain would flare ups substantially in the winter months of the year.

9. During the winter months from November through January, I would request accommodations from Orejel 2 to 3 times a week. I would inform Orejel that my arthritis was acting up and it was leading to pain in my hands making it hard to drive the pallet jack. I would ask Orejel to work in the trailer, rest time,

modified duty, or if I could clean when my pain acted up.

10. My requests for accommodations could have been completed without causing Walmart issues, as I was an experienced stacker and could have had someone bring me the product to my trailer, on the days that I had pain flare up.

11. About 1 to 2 times a week, during the winter months, Orejel would disregard my complaints, by either telling me to help her at the instant moment and that she would later help me or she would tell me that there was just too much work for her to help me.

12. Sometimes Orejel would initially start to accommodate me and then she would ask me to start pulling pallets with the pallet jack because the products were not getting out as quickly as Walmart demanded.

13. Orejel appeared stressed in her position, especially when there was a lot of product that needed to get out. Orejel appeared to me to be under a lot of pressure to meet the daily quotas.

14. Orejel often ordered me to force the other employees to hurry to complete their work on time. Orejel would rush me to get additional pallets, or get additional trailers packed to meet the daily quota.

15. Orejel on various occasions told me that she could not accommodate me because she needed to get the product out for the day.

16. Orejel's denial of accommodations caused me stress and emotional distress. I felt stressed because I was afraid that I would not be able to perform my job to the standards that Walmart required due to my pain. I also felt abandoned by Orejel on the days that she refused to accommodate me. On occasions I felt exploited by Walmart as I felt that they did not respect my requests for help, and did not give me any assurances that my decreased performance due to their lack of accommodations would not lead to termination. I felt like I was trapped working through my pain, as I could not afford to take time off, as I already took time off to care for my daughter, or lose my job.

17. When Hernandez interviewed me on or around May 24, 2023, she had a derisive attitude and would acknowledge my responses with a skeptical tone.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on June 13, 2025, at Pasadena, California.


Maria Sanchez (Jun 13, 2025 18:06 PDT)

Maria Sanchez

DECLARATION OF MARIA SANCHEZ IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT WALMART, INC'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT